IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————

THE STATE OF ARIZONA,
*Respondent*,

*v.*

STEVEN RAY LOPEZ,
*Petitioner*.

No. 2 CA-CR 2013-0506-PR
Filed April 21, 2014

———————————

Petition for Review from the Superior Court in Pima County
No. CR20070140
The Honorable Scott Rash, Judge

**REVIEW GRANTED; RELIEF DENIED**

———————————

COUNSEL

Isabel G. Garcia, Pima County Legal Defender
By Stephan J. McCaffery, Assistant Legal Defender, Tucson
*Counsel for Petitioner*

———————————

**OPINION**

Chief Judge Howard authored the opinion of the Court, in which Presiding Judge Vásquez and Judge Miller concurred.

HOWARD, Chief Judge:

¶1 Steven Lopez petitions this court for review of the trial court's order, entered after an evidentiary hearing, dismissing his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. We will not disturb that ruling unless the court clearly has abused its discretion. *See State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). Lopez has not met his burden of demonstrating such abuse here.

**Factual and Procedural Background**

¶2 In 2007, Lopez pled guilty to two counts of second-degree murder and was sentenced to consecutive eighteen-year prison terms. He first sought post-conviction relief in 2012, and appointed counsel filed a petition claiming Lopez's plea was "not knowing, voluntary, and intelligent" because he had not been informed that "he would be subject to community supervision" after he served his prison terms. He further asserted that this court incorrectly determined in *State v. Jenkins*, 193 Ariz. 115, 970 P.2d 947 (App. 1998), that a defendant who had not been aware that he would be subject to community supervision would have to demonstrate that fact was material to his decision to plead guilty in order to obtain relief. Lopez argued that the *Jenkins* decision improperly applied a "but-for causation requirement" when a defendant has been improperly informed "of the punitive consequences of his guilty plea" and that, instead, due process requires that he be fully informed of such consequences for the plea to be valid. He further asserted his claim was not "precluded" by Rule 32.2 because his claim was "of sufficient constitutional magnitude" that it requires a knowing, voluntary, and intelligent waiver, citing *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067, 1071 (2002).

¶3 The trial court determined Lopez's claim was colorable and held an evidentiary hearing to determine whether his "failure to file his notice [of post-conviction relief] within the prescribed time

2

limit was without fault on [his] part"[1] and whether he "had knowledge of the community service requirement" and, if so, if that knowledge would "have been relevant and material to his decision to plead guilty."  After that hearing, the court found Lopez had not been properly informed of the community supervision requirement at the time of his change of plea, but that he had not demonstrated his failure to timely seek post-conviction relief was without fault on his part.  The court additionally found Lopez would have pled guilty even had he been aware of the community supervision requirement.  Accordingly, the court denied relief.

**Discussion**

¶4        On review, Lopez again claims that he is not required to show that he would have rejected the plea agreement had he known of the community supervision requirement and that *Jenkins* is "contrary to controlling federal law" in holding otherwise.  He additionally asserts that he is permitted to raise this claim pursuant to *Stewart* irrespective of whether he was at fault for failing to timely initiate post-conviction proceedings.  Because we determine *Stewart* does not apply in these circumstances, we need not address Lopez's first argument.

¶5        Relevant here, a defendant must file a notice of post-conviction relief "within ninety days after the entry of judgment and sentence."  Ariz. R. Crim. P. 32.4(a).  "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." *Id.* Lopez does not assert that his claim falls within any exception to the timeliness requirement.

¶6        Rule 32.2(a), in contrast, precludes claims that are still raisable on appeal or in a post-trial motion, that already have been adjudicated, or that have been waived.  Like the timeliness requirement of Rule 32.4(a), preclusion under Rule 32.2(a) does not

---

[1]In his notice of post-conviction relief, Lopez indicated he wished to raise this claim.  He did not, however, raise it in his petition.

apply to claims brought pursuant to Rule 32.1(d) through (h).  Ariz. R. Crim. P. 32.2(b).

**¶7**          In *Stewart*, our supreme court addressed the following certified question from the United States Supreme Court:  "[Does] the question whether an asserted claim was of 'sufficient constitutional magnitude' to require a knowing, voluntary and intelligent waiver for purposes of Rule 32.2(a)(3) depend upon the merits of the particular claim or merely upon the particular right alleged to have been violated?"[2]  202 Ariz. 446, ¶ 1, 46 P.3d at 1068 (citations omitted).  Our supreme court determined that whether a claim was of sufficient constitutional magnitude to require knowing waiver "does not depend upon the merits of the particular ground. It depends merely upon the particular right alleged to have been violated." *Id.* ¶ 10.

**¶8**          But the court's reasoning in *Stewart* was limited to the application of waiver in determining whether a claim is precluded under Rule 32.2(a)(3).  The court did not address the failure to file a timely notice pursuant to Rule 32.4(a) for claims outside of Rule 32.1(d) through (h).  Rule 32.4(a) is not based on waiver, but instead on the defendant's timeliness in seeking relief.  Moreover, A.R.S. § 13-4234(G), provides that the time limits for filing a notice and petition "are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice."  Thus, whether the underlying claim is of a sufficient constitutional magnitude to require a knowing, voluntary, and intelligent waiver is immaterial and *Stewart* does not apply.

---

[2]The certified question was based on the comment for Rule 32.2, which states that "some issues not raised at trial, on appeal, or in a previous collateral proceeding may be deemed waived without considering the defendant's personal knowledge, unless such knowledge is specifically required to waive the constitutional right involved.   If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Stewart*, 202 Ariz. 446, ¶ 8, 46 P.3d at 1070, *quoting* Ariz. R. Crim. P. 32.2 cmt.

¶9        Our analysis is consistent with the law governing criminal appeals. "Jurisdiction to entertain a criminal appeal is vested in this court by the timely filing of a notice of appeal pursuant to a jurisdictional statute." *State v. Smith*, 171 Ariz. 501, 503, 831 P.2d 877, 879 (App. 1992). Thus, a defendant who fails to timely file a notice of appeal—like a defendant who does not timely file a notice of post-conviction relief—has no remedy unless that defendant can demonstrate, pursuant to Rule 32.1(f), that the "failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part."[3]

**Disposition**

¶10        Because Lopez's claim is time-barred pursuant to Rule 32.4(a), the trial court did not err in summarily rejecting it. *Cf. State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) (appellate court obliged to affirm trial court's ruling if result legally correct for any reason). Therefore, although we grant review, we deny relief.

---

[3]To the extent Lopez raised a claim based on Rule 32.1(f) below, the trial court rejected it, and he has abandoned it on review.