NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALGENE ROYCE GOULD, *Petitioner*.

No. 1 CA-CR 16-0015 PRPC
FILED 8-8-2017

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201080106
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Steve A. Young
*Counsel for Respondent*

Algene Royce Gould, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1        Algene Royce Gould petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury found Gould guilty of child molestation and kidnapping, both Class 2 felonies and dangerous crimes against children. The trial court imposed consecutive flat-time 20-year prison terms.  On direct appeal, this court affirmed Gould's convictions and sentences.

¶3        Gould timely sought post-conviction relief.  He challenged his sentences as being improperly aggravated, and he summarily asserted that his counsel provided ineffective assistance at sentencing.  The trial court found Gould's sentencing challenge was precluded and denied Gould's petition.[1]  Gould petitioned for review, and this court denied relief. Thereafter, Gould filed a "*Petition for Writ of Habeas Corpus (Evidentiary Hearing Requested)*," arguing he was wrongfully convicted.  Pursuant to Rule 32.3, and construing the petition as one requesting Rule 32 relief, the court summarily dismissed the petition because Gould did not first file a notice of post-conviction relief.  Gould "appealed."[2]

¶4        The parties agree that Gould raised the following claims in his petition for post-conviction relief:

>    1.        The Indictment was invalid due to the use of perjured testimony;
>
>    2.        Petitioner's conviction was obtained through perjured testimony;
>
>    3.        The State had insufficient evidence and no proof beyond a reasonable doubt that petitioner committed molestation of a child and kidnapping;

---

[1]        The court did not mention any claim of ineffective assistance of counsel Gould may have argued in his petition.

[2]        Defendant first filed an "Opening Brief" in this court in 1 CA-HC 15-0001, a habeas proceeding.  That "appeal" was dismissed and the court transferred the opening brief to this PCR proceeding.

4.    Petitioner was denied effective assistance of counsel by his attorney;

5.    Prosecution withheld evidence favorable to petitioner; and,

6.    Petitioner is actually innocent of all charges.

¶5    Gould argues the superior court erred in determining the claims raised were not appropriate for habeas relief. Gould is incorrect. Rule 32.3 provides:

> If a defendant applies for a writ of habeas corpus in a trial court having jurisdiction of his or her person raising any claim attacking the validity of his or her conviction or sentence, that court shall under this rule transfer the cause to the court where the defendant was convicted or sentenced and the latter court shall treat it as a petition for relief under this rule and the procedures of this rule shall govern.

Ariz. R. Crim. P. 32.3.

¶6    Gould's claims attack the validity of his convictions. Therefore, Rule 32.3 required the superior court to construe Gould's request for habeas relief to be a petition for post-conviction relief. Habeas corpus is not a substitute for an appeal, and "may not be used to collaterally attack a judgment of conviction where the claimed errors do not involve a loss of jurisdiction by a court because of a denial of constitutional rights under either the federal or state constitutions." *State v. Montez*, 102 Ariz. 444, 447, 432 P.2d 456, 459 (1967).

¶7    "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id.* Rule 32.4(a) provides: "A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred." Ariz. R. Crim. P. 32.4(a). The time limits for filing a notice and petition for post-conviction relief "are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice." Ariz. Rev. Stat. § 13–4234(G) (2010); *State v. Lopez*, 234 Ariz. 513, 515, ¶ 8, 323 P.3d 1164, 1166 (App. 2014). Gould failed to file a timely notice as required, therefore no error occurred in dismissing the successive post-conviction proceeding.

¶8            The claims Gould raised were also precluded.  Gould's first five claims either were, or could have been, raised in his direct appeal or his first post-conviction petition.  Regarding his claim of actual innocence, Gould does not explain why it was not raised in the first Rule 32 proceeding.  If a defendant who seeks post-conviction relief does not state meritorious reasons regarding why a claim was not raised in a timely manner, the PCR proceedings "shall" be dismissed.  Ariz. R. Crim. P. 32.2(b).  Therefore, Gould waived these issues and was precluded from asserting them under Rule 32.2(a).

¶9            Gould fails to establish the superior court abused its discretion or legally erred in denying Gould post-conviction relief.  *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7, 353 P.3d 847, 848 (2015) (noting that, absent an abuse of discretion or error of law, this court will not disturb the trial court's ruling on a petition for post-conviction relief).  Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA