NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROGER WAYNE PREAYER, *Petitioner*.

No. 1 CA-CR 16-0427 PRPC
FILED 8-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-161528
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Roger Wayne Preayer, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

**C A M P B E L L**, Judge:

¶1 Petitioner Roger Wayne Preayer petitions this court for review from the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and grant review, but deny relief.

¶2 A jury convicted Preayer of fourteen counts of armed robbery. The superior court then sentenced Preayer to a prison term of over 250 years. This court affirmed his convictions on appeal, but remanded for resentencing. *State v. Preayer*, 1 CA-CR 88-010 (Ariz. App. April 18, 1989) (mem. decision). The superior court re-sentenced Preayer, and this court affirmed his resentence on appeal. *State v. Preayer*, 1 CA-CR 90-430 (Ariz. App. April 25, 1991) (mem. decision).

¶3 Preayer subsequently filed multiple petitions for post-conviction relief ("PCR"). In 2002, he filed an untimely successive PCR claiming ineffective assistance of both his trial counsel and his initial PCR counsel under *State v. Donald*, 198 Ariz. 406 (App. 2000). Preayer alleged his trial counsel did not advise him of a plea offer, which he learned of upon a review of the transcripts from his 1990 re-sentencing, and that his PCR counsel was ineffective for not raising the issue in his first PCR. The superior court summarily dismissed the petition and this court denied review.

¶4 Preayer filed another untimely successive PCR, and raised the same ineffective assistance of counsel claims regarding his trial counsel and first PCR counsel. The superior court found that both claims were precluded, as the superior court had previously addressed these claims in 2002. *See* Ariz. R. Crim. P. 32.2(a)(2). It further found his claims were untimely. *See* Ariz. R. Crim. P. 32.4(a).

¶5 Preayer petitioned this court for review. In his petition, Preayer argues that his right of review is of "sufficient constitutional magnitude" and, because he did not waive his rights, his petition should not have been precluded as untimely. He is wrong. *See State v. Lopez*, 234 Ariz. 513 (App. 2014) (a defendant's untimely claim for post-conviction relief is time-barred regardless of constitutional magnitude of underlying claim). Additionally, in its thorough and well-reasoned decision, the superior court clearly responded to his legal assertions and correctly denied his most recent PCR. Under *State v. Whipple*, 177 Ariz. 272 (App. 1993), we adopt the ruling of the superior court.

¶6            Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA