NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CARL RAY LOCKWOOD, *Petitioner*.

No. 1 CA-CR 16-0417 PRPC
FILED 8-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1999-007389
The Honorable Pamela S. Gates, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Carl Ray Lockwood, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Acting Presiding Judge Peter B. Swann and Judge Jennifer B. Campbell joined.

**C R U Z**, Judge:

**¶1**        Carl Ray Lockwood petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        Lockwood pled guilty to one count of sexual conduct with a minor and one count of attempted sexual conduct with a minor, both dangerous crimes against children, occurring on different dates.  The superior court sentenced Lockwood to the presumptive term of 20 years' imprisonment for sexual conduct with a minor, and a subsequent term of lifetime probation for attempted sexual conduct with a minor.

**¶3**        Lockwood has filed multiple petitions for post-conviction relief, including one challenging the legality of his sentence, as having been illegally enhanced and aggravated, and one claiming that his term of lifetime probation was an illegal sentence.  Neither petition was successful.

**¶4**        In February 2016, Lockwood resurrected his illegal sentence claims in a pleading captioned "Motion for Clarification of Sentence . . . Not to Be Construed as a Rule 32 Proceeding."  Lockwood alleged that his prison sentence was unlawfully enhanced under Arizona Revised Statutes ("A.R.S.") section 13-604.01, his prison sentence and probation were required to run concurrently, being subject to double jeopardy analysis under A.R.S. § 13-116, and that his sentence was subject to review because the error was fundamental.[1]  Although Lockwood requested his motion not be construed as a petition under Rule 32, the court properly did so.  Then,

---

[1]        For this proposition, Lockwood cites *Martin v. Martin*, 182 Ariz. 11, 893 P.2d 11 (App. 1994), a civil child support case, which is inapplicable and adds a quote found nowhere in the opinion.

pursuant to Rule 32.3, the superior court denied the motion and this petition for review followed.

¶5    Absent an abuse of discretion, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012). Lockwood has failed to show any abuse of discretion. Lockwood's claims are untimely, and were, or could have been, raised in the earlier post-conviction relief proceedings and, as such, are precluded. Ariz. R. Crim. P. 32.2(a), 32.4(a).

¶6    Rule 32.1(c) specifically provides as a ground for relief a sentence that is "not in accordance with the sentence authorized by law," and claims under this subsection are not exempt from preclusion. Rule 32.2(a), (b); *see also State v. Lopez*, 234 Ariz. 513, 515, ¶ 8, 323 P.2d 1164, 1166 (App. 2014) (providing that the time limits for filing a notice and petition for post-conviction relief are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice under A.R.S. § 13-4234(G)) (internal quotations omitted); *State v. Shrum*, 220 Ariz. 115, 203 P.3d 1175 (2009) (post-conviction claims must be timely presented). The fact that an error is fundamental does not mean it cannot be precluded. If the supreme court "had intended that fundamental error be an exception to preclusion under Rule 32.2, the court presumably would have expressly said so in the rule itself." *State v. Swoopes*, 216 Ariz. 390, 403, ¶ 42, 166 P.3d 945, 958 (App. 2007).[2]

---

[2]    Lockwood was sentenced appropriately in accordance with the law in effect at the time of his sentencing. The superior court sentenced Lockwood on the charge of sexual conduct with a minor in accordance with A.R.S. § 13-604.01(C) (1999), which required no priors for the term imposed. For the charge of attempted sexual conduct with a minor, A.R.S. § 13-902(E) (1999) authorized the superior court to order his term of lifetime probation consecutive to his prison term. Finally, since the charges occurred on different dates, double jeopardy claims were not implicated under A.R.S. § 13-116.

¶7        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA