NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL COLE ROPER, *Petitioner*.

No. 1 CA-CR 16-0476 PRPC
FILED 9-12-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-006254-003
The Honorable Bradley H. Astrowsky, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Michael Cole Roper, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1        Petitioner Michael Cole Roper ("Roper") petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        In 2009, Roper pled guilty to one count of kidnapping.  The superior court sentenced him to a term of 22 years' imprisonment.  Roper subsequently filed four notices of post-conviction relief.  In Roper's fourth petition for post-conviction relief, he claimed ineffective assistance of post-conviction relief counsel, but failed to state any specific facts or citations to the record to support his claim.  The superior court summarily dismissed his petition as untimely and successive.  The court then dismissed his motion for reconsideration.  This petition for review followed.

¶3        On review, Roper reiterates his claim of ineffective assistance of post-conviction relief counsel but expands it to include ineffective assistance of plea counsel at "critical stage[s]" and during the "entire trial process."  We do not consider claims not first addressed to the superior court and therefore decline to review these new claims.  Ariz. R. Crim. P. 32.9(c)(1)(ii); *see State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988), *approved as modified*, 164 Ariz. 485 (1990) (declining to consider ineffective assistance of counsel claim where petitioner failed to specify how superior court erred, denying the superior court "an opportunity to review meritorious issues"); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (declining to hear issues not first decided by the superior court).

¶4        Additionally, Roper's petition is deficient as it does not state any facts or cite to the record to support his claims.  *See* Ariz. R. Crim. P. 32.9(c)(1)(iii).  Other than the name of his claimed post-conviction relief counsel, Roper states no other facts in either his notice or petition for post-

conviction relief to permit a meaningful review.[1]  To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below reasonable standards and that the deficient performance prejudiced the defendant.  *State v. Bennett,* 213 Ariz. 562, 567, ¶ 21 (2006); *Strickland v. Washington,* 466 U.S. 668, 688 (1984).  Here, Roper does not state sufficient facts to show either.

**¶5**　　　　As the superior court noted, Roper raised the same issue of ineffective assistance of counsel in a previous notice of post-conviction relief that was dismissed and for which he did not seek review.  Therefore, in this instance, he is precluded from relief as this issue was "adjudicated . . . in [a] previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(2).  As the superior court also noted, even assuming he had not raised this issue before, his notice for post-conviction relief would still be untimely.  *See* Ariz. R. Crim. P. 32.2(b); *see also State v. Lopez*, 234 Ariz. 513, 515, ¶8 (App. 2014) (finding an untimely notice of post-conviction relief can be time barred regardless of the constitutional magnitude of the claim).

**¶6**　　　　We therefore grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA

---

[1]　　　　The superior court noted it could not find anywhere in the record the appearance of the named post-conviction relief counsel.  Likewise, we find no record of such an appearance.  Roper was granted relief on his second *pro se* notice of post-conviction relief (raising the same claim as in his first) when the superior court corrected its sentencing minute entry to reflect concurrent sentences.