NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ARNULFO ROSAS HERNANDEZ, *Petitioner*.

No. 1 CA-CR 14-0754 PRPC
FILED 9-26-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1999-011560
The Honorable Robert L. Gottsfield, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Arnulfo Rosas Hernandez, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Chief Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

**D O W N I E**, Judge:

**¶1**    Arnulfo Rosas Hernandez petitions for review of the superior court's summary dismissal of his fifth post-conviction relief proceeding. For the following reasons, we grant review but deny relief.

**¶2**    A jury convicted Hernandez of first degree murder, burglary in the first degree, attempted armed robbery, and seven counts each of kidnapping and aggravated assault. He was sentenced to life imprisonment, together with concurrent and consecutive prison terms totaling an additional 100 years. This Court affirmed the convictions and sentences on appeal. *State v. Rosas-Hernandez*, 202 Ariz. 212 (App. 2002).

**¶3**    Hernandez has commenced four prior proceedings for post-conviction relief, all of which have been unsuccessful. In 2014, he filed an untimely and successive fifth notice and petition for post-conviction relief, raising various claims, including ineffective assistance of trial and post-conviction relief counsel. Ruling that Hernandez failed to state a claim for which relief could be granted in an untimely, successive post-conviction relief proceeding, the superior court summarily dismissed the proceeding and denied Hernandez's motion for rehearing.

**¶4**    On review, Hernandez relies on *Stewart v. Smith*, 202 Ariz. 446 (2002), arguing he is entitled to raise his ineffective assistance of counsel claims because he did not knowingly, voluntarily, and intelligently waive them. Pursuant to *Stewart*, certain claims may be raised in a successive post-conviction proceeding without being precluded on waiver grounds under Rule 32.2(a)(3). 202 Ariz. at 450, ¶ 12. But *Stewart* does not apply to claims raised in an untimely proceeding such as this one, and Hernandez's ineffective assistance of counsel claims made pursuant to Rule 32.1(a) are barred irrespective of waiver. *See State v. Lopez*, 234 Ariz. 513, 515, ¶¶ 6–8 (App. 2014); *see also* Ariz. R. Crim. P. 32.4(a) (only claims under Rule 32.1(d) through (h) can be raised in an untimely proceeding).

**¶5**    Hernandez's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), is similarly misplaced. In *Martinez*, the Supreme Court held that a defendant who did not plead guilty may be able to obtain *federal* habeas review of a claim that is procedurally barred if he can show ineffective assistance as to his first post-conviction counsel. 566 U.S. at 16. As explained in *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 4–6 (App. 2013), the *Martinez* holding does not affect Arizona state court post-conviction proceedings and does not permit Hernandez to overcome the time limits of Rule 32.4(a).

**CONCLUSION**

¶6        Accordingly, although we grant review, we deny relief



AMY M. WOOD • Clerk of the Court
FILED:  AA