NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BOBBY LEE WORLEY, *Petitioner*.

No. 1 CA-CR 16-0580 PRPC
FILED 10-19-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-137096-001
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Bobby Lee Worley, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

**H O W E**, Judge:

¶1          Bobby Lee Worley petitions this Court for review from the dismissal of his successive post-conviction relief proceeding. We have considered the petition for review and for the reasons stated, grant review but deny relief.

¶2          Worley pled guilty to one count of sexual conduct with a minor and two counts of attempted sexual conduct with a minor, all dangerous crimes against children. He also admitted that his crimes had "resulted in emotional harm to the victim." The trial court accepted the plea agreement and sentenced Worley to an aggravated 25-year imprisonment term for sexual conduct with a minor, and concurrent lifetime probation terms for the two attempt offenses.

¶3          In January 2014, Worley timely petitioned for post-conviction relief ("PCR"), but appointed counsel found no claims. Worley then filed a PCR pro se. He claimed that his sentences had been illegally enhanced and aggravated, and asked the court to reduce his prison sentence.[1] Finding no colorable claims, the trial court summarily dismissed the petition. Even though the trial court granted two extensions, Worley did not petition this Court for review.

¶4          In August 2016, Worley raised these claims again in a "Motion for Clarification and Correction of an Unlawful Sentence," and he added a claim that his sentences were required to run concurrently. In an apparent attempt to avoid preclusion, Worley instructed the trial court not to treat his motion "as anything other than a <u>Motion</u>." The trial court found that the claims were meritless and denied the motion. Worley filed a notice of appeal from the trial court's ruling.

¶5          Because Worley has attacked his sentence in his motion, we treat his motion and his "appeal" as a PCR and a petition for review of the denial of his PCR under Arizona Rule of Criminal Procedure 32.3. Absent an abuse of discretion, this Court will not disturb the trial court's ruling on

---

[1]          Although Worley's prison sentence was aggravated, none of the sentences were "enhanced" under our criminal code. Worley confuses the sentencing ranges for "dangerous crimes against children" pursuant to A.R.S. § 13–705, with the sentencing ranges for "dangerous" offenses set forth in § 13–704.

a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Worley has failed to show any abuse of discretion.

**¶6**      Pursuant to Rule 32.1(c), an unlawful sentence is grounds for relief in a timely filed PCR. But relief sought under Rule 32.1(c) is not exempt from preclusion. Ariz. R. Crim. P. 32.2(a), (b). Arizona Revised Statutes section 13–4234(G) provides that the time limits for filing a notice and petition for post-conviction relief "are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice." *State v. Lopez*, 234 Ariz. 513, 515 ¶ 8 (App. 2014). The fact that an error may be fundamental does not mean that it cannot be precluded. If the supreme court "had intended that fundamental error be an exception to preclusion under Rule 32.2, the court presumably would have expressly said so in the rule itself[.]" *State v. Swoopes*, 216 Ariz. 390, 403 ¶ 42 (App. 2007); *see also State v. Peek*, 219 Ariz. 182, 183 ¶ 4 (2008) (claim of illegal sentence must be timely presented). Consequently, Worley's claims were, or could have been, raised in the earlier PCR proceeding and are precluded. *See* Ariz. R. Crim. P. 32.2(a).

**¶7**      Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA