NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN ALLEN ONTJES, *Petitioner*.

No. 1 CA-CR 16-0559 PRPC
FILED 10-24-2017

Petition for Review from the Superior Court in Maricopa County
Nos. CR2007-169570-001SE
CR2008-178947-001
The Honorable Teresa Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

John Allen Ontjes, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1 John Allen Ontjes petitions for review of the dismissal of his petition for post-conviction relief ("PCR") pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered the petition for review and grant review but deny relief.

¶2 In Maricopa County case CR2007-169570-001 ("07 case"), a jury convicted Ontjes of two counts of sale or transportation of dangerous drugs, possession of dangerous drugs for sale, and possession of drug paraphernalia, and acquitted him of misconduct involving weapons and theft. Prior to sentencing, Ontjes admitted to three historical prior felonies. The superior court sentenced Ontjes to the presumptive prison term of 3.75 years for possession of drug paraphernalia, and concurrent mitigated prison terms of 14 years on each of the remaining offenses.[1] On direct appeal, this court affirmed the convictions and sentences. *State v. Ontjes*, 1 CA-CR 09-0185, 2010 WL 2540491 (Ariz. App. Jun. 24, 2010) (mem. decision).

¶3 In 2011, Ontjes filed a timely PCR and claimed that his trial counsel had been ineffective ("IAC"). The superior court held an evidentiary hearing. After the hearing, the superior court denied relief. Ontjes sought review by this court, but the matter was dismissed. *State v. Ontjes*, 1 CA-CR 11-0429 (Ariz. App. Aug. 24, 2011) (order).

¶4 In Maricopa County case CR2008-178947-001 ("08 case"), Ontjes pled guilty to aggravated driving or actual physical control while under the influence, with one historical prior felony. The superior court sentenced Ontjes to the presumptive prison term of 4.5 years.

¶5 In September of 2015 Ontjes filed a notice of PCR in the 07 and 08 cases. This PCR was untimely in both cases, and a successive petition in

---

[1] The court ordered the sentences in both the 07 and 08 cases, *see supra* ¶ 4, to run concurrent to each other.

the 07 case. Ontjes alleged that his trial and post-conviction relief counsel had been ineffective. Ontjes apparently believed that the 08 and 07 cases were one case for purposes of appellate review as evidenced by the claims he raised and cases he cited. He asserted that his IAC claim of his PCR counsel in the 07 case was a cognizable claim pursuant to *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995) ("pleading defendant constitutionally entitled to the effective assistance of counsel on his first petition for post-conviction relief" and "must be afforded an opportunity to assert a claim regarding the effectiveness of the attorney representing him on the first petition for post-conviction relief").

**¶6**　　　　Ontjes also claimed a significant change in the law excused any "procedural default," and entitled him to relief. The superior court addressed each claim and summarily dismissed the PCR. This petition for review followed.

**¶7**　　　　We review a superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is Ontjes' burden on review to show that the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has burden of establishing abuse of discretion on review).

**¶8**　　　　Ontjes has not sustained his burden on review. As noted, Ontjes did not pursue PCR of-right proceedings in the 08 case. Thus, *Pruett* has no application to his 08 case, and the PCR proceeding in the 08 case was not of-right because it was untimely. Therefore, because of his untimely filing, ineffective assistance of counsel is not a cognizable claim. *See* Ariz. R. Crim. P. 32.4(a).

**¶9**　　　　Ontjes also relies on *Martinez v. Ryan*, 566 U.S. 1 (2012). However, *Martinez* did not constitute a significant change in state law entitling petitioner to raise a claim of ineffective assistance of post-conviction counsel. *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶ 6 (App. 2013). Furthermore, contrary to Ontjes' claim, *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012) were not significant changes in the law. *See Buenrostro v. U.S.*, 697 F.3d 1137, 1140 (9th Cir. 2012) (neither *Frye* nor *Lafler* decided new rule of constitutional law).

**¶10**　　　　Ontjes' claims related to his 07 case were, or could have been, raised in the earlier 07 case PCR proceeding. In failing to raise these claims, they are precluded. Ariz. R. Crim. P. 32.2(a). Arizona Rule of Criminal Procedure 32.1(a) provides as a ground for relief ineffective assistance of counsel and claims under this subsection are not exempt from preclusion.

Ariz. R. Crim. P. 32.2(a)-(b); *see also State v. Lopez*, 234 Ariz. 513, 515, ¶ 8 (App. 2014) (under Ariz. Rev. Stat. § 13-4234(G) the time limits for filing a notice and petition for post-conviction relief "are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice").

**¶11** Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA