NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LAMONT HENNIX, JR., *Petitioner.*

No. 1 CA-CR 16-0387 PRPC
FILED 10-26-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-003538-001
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Lamont Hennix, Jr., Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**D O W N I E**, Judge:

**¶1** Lamont Hennix, Jr., petitions for review from the superior court's dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. For the following reasons, we grant review but deny relief.

**¶2** Hennix pleaded guilty to promoting prison contraband, a class 2 felony, and he admitted having one prior felony conviction. The superior court imposed a stipulated term of 9.25 years' imprisonment. More than two years later, Hennix filed a notice of, and petition for, post-conviction relief, raising claims of ineffective assistance of counsel and actual innocence. The superior court summarily dismissed the Rule 32 proceeding, and this timely petition for review followed. We review the superior court's ruling for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**¶3** Because this is Hennix's "of-right" post-conviction relief proceeding, he was required to file his Rule 32 notice within 90 days of being sentenced. Ariz. R. Crim. P. 32.4(a). The time limits for filing a notice and petition for post-conviction relief "are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice." *State v. Lopez*, 234 Ariz. 513, 515, ¶ 8 (App. 2014); Ariz. Rev. Stat. ("A.R.S.") § 13-4234(G). A defendant who fails to timely file a notice of post-conviction relief has no remedy unless he or she can demonstrate, pursuant to Rule 32.1(f), that the "failure to file a notice of post-conviction relief of-right . . . within the prescribed time was without fault on the defendant's part." *Lopez*, 234 Ariz. at 515, ¶ 9.

**¶4** Although Hennix asserts his untimely Rule 32 notice was without fault on his part, and he claims his attorney failed to follow his instruction to file a timely petition, Hennix has not explained why he waited more than two years to file the notice. The absence of such an explanation is particularly problematic because defense counsel was allowed to withdraw from Hennix's representation one week after sentencing.

**¶5** Hennix also asserts his petition should not have been dismissed because he is actually innocent of the charge of promoting contraband due to duress. He contends he possessed the contraband because of duress, so Rule 32.1(h) provides grounds for his petition because "no reasonable fact-finder would have found [him] guilty of the underlying offense beyond a reasonable doubt." We conclude otherwise.

**¶6** A duress defense is available only if "a reasonable person would believe that he was compelled to engage in the proscribed conduct by the threat or use of immediate physical force against his person." A.R.S. § 13-412(A). The duress "must be *present, imminent and impending*." *State v. Kinslow*, 165 Ariz. 503, 505 (1990) (no error in precluding duress defense where evidence showed defendant who had escaped from prison faced no imminent physical injury despite "shoot to kill" order). When a Rule 32 petition is untimely, Rule 32.2(b) preserves a claim of actual innocence if the defendant alleges substantial claims, supported with specific facts, and adequately explains why the claims are untimely. Hennix's petition offers no facts suggesting a specific imminent threat, relying instead on general allegations of dangers posed by white supremacist prisoners to black prisoners and threats by "strangers."

**¶7** Based on the record before it, the superior court did not abuse its discretion in summarily dismissing the Rule 32 proceeding.

## CONCLUSION

**¶8** For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA