NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GREGORY MICHAEL GUSTIE, *Petitioner*.

No. 1 CA-CR 16-0582 PRPC

FILED 11-16-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2004-131740-001
The Honorable Arthur T. Anderson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gregory Michael Gustie, Florence
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Jon W. Thompson and Chief Judge Samuel A. Thumma joined.

_____

**C A T T A N I**, Judge:

¶1        Gregory Michael Gustie petitions for review of the superior court's denial of his "Motion[] for Clarification of the Sentence Imposed," which the court properly addressed as a petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.1(c).  For reasons that follow, we grant review but deny relief.

¶2        Gustie pleaded guilty to one count of child molestation and two counts of attempted child molestation.  The superior court sentenced him in April 2007 in accordance with the stipulated terms of his plea agreement to 15 years' imprisonment, followed by two concurrent terms of lifetime probation.  In 2012, Gustie filed an untimely petition for post-conviction relief, asserting that his probationary terms constituted an illegal sentence and that he had received ineffective assistance of counsel.  The superior court summarily dismissed the petition, and this court granted review but denied relief.  *State v. Gustie*, 2 CA-CR 2013-0325, 2013 WL 6047904 (Ariz. App. Nov. 14, 2013) (mem. decision).

¶3        More than eight years after sentencing, Gustie filed the motion at issue here.  He argued that the court had imposed an illegal sentence because (1) the sentencing minute entry listed the 15 year prison term as the sentence for Count 1 (which was dismissed pursuant to the plea agreement) instead of Count 2 (to which Gustie pleaded guilty and of which the court found him guilty), and (2) his probationary terms were illegally enhanced.  The superior court noted that "the Sentencing Minute Entry assigned the actual [prison] sentence (15 years) to Count 1 [and not Count 2]," although the plea agreement and other parts of the minute entry contemplated that the prison sentence pertained to Count 2.  The court rejected Gustie's argument that the typographical error rendered the sentence unlawful after reviewing the sentencing transcript as well as confirming with the Arizona Department of Corrections that "Gustie is serving the 15 year sentence on Count 2," and amended the minute entry to correct the error.  This petition for review followed.

¶4  We deny relief. Gustie's claims alleging an unlawful sentence are untimely and precluded. Any claim that was or could have been raised in a previous post-conviction proceeding is precluded. Ariz. R. Crim. P. 32.2(a). Claims seeking relief under Rule 32.1(c) for a sentence "not in accordance with the sentence authorized by law" are not exempt from preclusion. Ariz. R. Crim. P. 32.2(a), (b); *see also* A.R.S. § 13-4234(G) (providing that the time limits for filing a notice and petition for post-conviction relief "are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice"); *State v. Lopez*, 234 Ariz. 513, 515, ¶ 8 (App. 2014). Similarly, an untimely notice cannot raise a claim of unlawful sentence. Ariz. R. Crim. P. 32.4(a).

¶5  Moreover, Gustie's claim is meritless and does not establish a basis for relief. The record supports the court's conclusion that the 15-year prison sentence was in fact imposed for Count 2, and the reference to Count 1 in the sentencing minute entry was simply a typographical error, which the court corrected. And lifetime terms of probation are not based on sentence enhancements as Gustie argues, but rather are expressly authorized by A.R.S. § 13-902(E) for Gustie's attempted molestation convictions.

¶6  Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA