IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Respondent*,

*v.*

ROGELIO CASTRO SOLANO,
*Petitioner*.

No. 2 CA-CR 2023-0083-PR
Filed January 29, 2024

———————————————

Petition for Review from the Superior Court in Pinal County
No. S1100CR201802007
The Honorable Delia R. Neal, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART AND REMANDED**

———————————————

COUNSEL

Kent P. Volkmer, Pinal County Attorney
By Thomas C. McDermott, Deputy County Attorney, Florence
*Counsel for Respondent*

E.M. Hale Law, Lakeside
By Elizabeth M. Hale
*Counsel for Petitioner*

---

**OPINION**

---

Judge Kelly authored the opinion of the Court, in which Presiding Judge Brearcliffe and Judge Eckerstrom concurred.

---

K E L L Y, Judge:

**¶1** Rogelio Solano seeks review of the trial court's ruling dismissing, in part, his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. We will not disturb that ruling unless the court abused its discretion. *See State v. Martinez*, 226 Ariz. 464, ¶ 6 (App. 2011). We grant review and, for the reasons stated below, grant relief in part and remand the case for further proceedings consistent with this opinion.

**¶2** After a March 2019 jury trial, Solano was convicted of conspiracy to sell a dangerous drug and two counts of sale of a dangerous drug. The following month, the trial court sentenced him to enhanced, presumptive, and concurrent prison terms of 15.75 years. At that time, the court advised Solano of his right to appeal, and he signed a notice acknowledging that right.

**¶3** In June 2022, Solano filed a notice of post-conviction relief. He recognized that his notice had not been timely filed but asserted that it was not his fault because he had been "informed by [trial counsel that] he gave notice but no one contacted [him]." In his subsequently filed petition, Solano sought to file a delayed appeal under Rule 32.1(f), arguing that "[t]here was clearly a misunderstanding" because he "was under the impression that trial counsel was going to file a notice of appeal on his behalf." Solano also argued that his enhanced prison sentences were not authorized by law and that he had received ineffective assistance of trial counsel.

**¶4** The trial court set the matter for an evidentiary hearing, which addressed only Solano's Rule 32.1(f) claim to file a delayed appeal. Solano withdrew his ineffective assistance claim for purposes of the hearing, and the court stayed his remaining claim. Both Solano and trial counsel testified at the hearing.

**¶5** Thereafter, the trial court dismissed Solano's Rule 32.1(f) claim. It acknowledged that there had been "a conflict" between Solano

and trial counsel "as to what was discussed regarding the process to file an appeal after sentencing," but the court "did not find that either individual was not credible." Instead, the court found that "it was likely a misunderstanding by . . . Solano of what steps [trial counsel] would take post-conviction." The court explained, "While this misunderstanding alone may have justified some level of delay, . . . the length of time that has elapsed since the sentencing in this case is fatal to [Solano's] claim." The court noted that Solano "could provide no explanation for his failure to follow up with [trial counsel] in the many months after sentencing" and that "it was over three years before [he] took any affirmative steps to bring his case before the court." The court thus concluded that, although Rule 32.1(f) "does not expressly address time limits," in this case, "a three-year delay is unreasonable." This petition for review followed.

¶6 On review, Solano contends the trial court erred by dismissing his Rule 32.1(f) claim because "he was able to demonstrate that the failure to timely file was not his fault." He maintains that Rule 32.1(f) "does not have a reasonable time frame requirement." In support of that assertion, Solano relies on *State v. Lopez*, 234 Ariz. 513 (App. 2014).

¶7 In *Lopez*, the defendant sought post-conviction relief five years after pleading guilty. 234 Ariz. 513, ¶ 2. On review, this court distinguished between timeliness under Rule 32.4 and preclusion under Rule 32.2.[1] *Id.* ¶¶ 5-6. We pointed out that, notwithstanding preclusion, a defendant is generally required to file a Rule 32 notice within ninety days after the entry of judgment and sentence. *Id.* We concluded that "a defendant who fails to timely file a notice . . . has no remedy unless that defendant can demonstrate" that "the 'failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part.'" *Id.* ¶ 9 (quoting Ariz. R. Crim. P. 32.1(f)). Because Lopez had abandoned any such argument, this court concluded his claim was time-barred and the trial court had not erred in summarily dismissing it. *Id.* ¶ 10 & n.3.

¶8 Contrary to Solano's argument, this court's decision not to address the five-year lapse in *Lopez* does not demonstrate that "there is no 'reasonable time frame' requirement" in Rule 32.1(f). Instead, there was no

---

[1]Our supreme court amended the post-conviction relief rules, effective January 1, 2020. Ariz. Sup. Ct. Order R-19-0012 (Aug. 29, 2019). As relevant here, the rules are substantially similar.

need for this court to address the meaning or scope of Rule 32.1(f) because the defendant had abandoned his Rule 32.1(f) claim.

**¶9**　　　　However, Solano also relies on the plain language of the rules to assert that a defendant need not raise a Rule 32.1(f) claim "within a specific time frame."[2]　Pointing to Rule 32.4(b)(3)(B), he maintains that a Rule 32.1(f) claim need only be "filed within a reasonable time after discovering the basis of the claim."　On this point, we agree.

**¶10**　　　　When interpreting court rules, we start with the plain language, reading the words in context and considering the scheme as a whole.　*State v. Mendoza*, 249 Ariz. 180, ¶ 9 (App. 2020).　"If the language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction."　*Fragoso v. Fell*, 210 Ariz. 427, ¶ 7 (App. 2005).

**¶11**　　　　Rule 32.1(f), which provides post-conviction relief when "the failure to timely file a notice of appeal was not the defendant's fault," does not provide a timeline for asserting such a claim.　However, Rule 32.4(b)(3)(B) requires such claims to be raised in a notice for post-conviction relief "within a reasonable time after discovering the basis of the claim." The trial court seems to have interpreted Rule 32.4(b)(3)(B) to mean that a defendant must discover his claim within a reasonable time.　However, that is not what the rule requires.　Instead, a defendant must raise a claim within a reasonable time after discovering it.　*See State v. Reed*, 252 Ariz. 236, ¶ 14 (App. 2021) (what is reasonable depends, in part, on consequences of failure to address merits of claim and prejudice to state or victim).　We decline to read into the rule an affirmative duty to discover a claim within a certain time period.　*See Roberts v. State*, 253 Ariz. 259, ¶ 20 (2022) (we will not

---

[2]In support of this argument, Solano also relies on Rule 32.2(a)(2), which precludes claims that were "finally adjudicated on the merits in an appeal or in any previous post-conviction proceeding."　Solano reasons that Rule 32.1(f) claims are only precluded under that rule, while Rule 32.1(a) claims are also "precluded if they are not timely raised."　But he seems to misapprehend the distinction between preclusion and timeliness.　*Compare* Ariz. R. Crim. P. 32.2(a)(3), *with* Ariz. R. Crim. P. 32.4(b)(3)(A).　We agree with the state that the trial court did not find Solano's Rule 32.1(f) claim precluded and instead proceeded to an evidentiary hearing.　*See* Ariz. R. Crim. P. 32.13(a).

inflate, expand, stretch or extend statute to matters not falling within expressed language).

¶12 Here, Solano testified that he had "discover[ed] an appeal had not been filed . . . [a]fter a couple years." He explained that he had filed his notice in July 2022, after learning from other prison inmates that he should have heard about the appeal by that time. Solano stated that the COVID-19 pandemic had affected his ability to talk to other inmates—from whom he often received legal information—and his access to prison paralegals. He testified that he had "filed for the post-conviction relief as soon as [he] knew [he was] able to or that [he] should have." As stated above, the trial court found Solano credible. *See State v. Fritz*, 157 Ariz. 139, 141 (App. 1988) (trial court sole arbiter of credibility of witnesses in Rule 32 evidentiary hearing). Accordingly, the evidence presented at the hearing establishes that Solano filed his claim within a reasonable time after discovering it, consistent with Rule 32.4(b)(3)(B). *Cf. Reed*, 252 Ariz. 236, ¶ 15 (illegal-sentence and actual-innocence claims "not time-barred if there is no evidence presented beyond the mere passage of time to suggest unreasonable delay"). As such, the court erred by dismissing Solano's Rule 32.1(f) claim on this basis. *See State v. Wall*, 212 Ariz. 1, ¶ 12 (2006) (error of law in reaching discretionary conclusion may constitute abuse of discretion).

¶13 However, the question remains whether "the failure to timely file a notice of appeal was not the defendant's fault." Ariz. R. Crim. P. 32.1(f). The trial court did not squarely reach this question. The court found both that Solano was credible and that his failure to timely file his notice of appeal was based on a misunderstanding by Solano as to his attorney's plans. The record before us is unclear whether the court viewed this misunderstanding as itself demonstrating Solano's fault under 32.1(f) or whether the court instead viewed the misunderstanding as a reasonable one by Solano, triggering its subsequent erroneous analysis of timeliness. Because the trial court alone could assess the credibility of the witnesses, we decline to address the ultimate issue of fault for the original delay and therefore remand the case to the trial court to resolve it, including any proceedings the court deems necessary.

¶14 For the reasons stated above, we grant review and relief in part. We remand the case to the trial court to determine whether Solano is entitled to post-conviction relief because the failure to timely file a notice of appeal was not his fault.