970 P.2d 947

**STATE of Arizona, Respondent,**

v.

**Christopher Lee JENKINS, Petitioner.**

**No. 1 CA–CR 97–0486–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 6, 1998.

Review Denied Jan. 12, 1999.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section, Phoenix and Charles R. Hastings, Yavapai County Attorney by Ethan A. Wolfinger, Deputy County Attorney, Prescott, Attorneys for Respondent.

Christopher Lee Jenkins, Goodyear, In Propria Persona.

## OPINION

LANKFORD, Judge.

¶1   Defendant Christopher Lee Jenkins petitioned for review of the summary dismissal of his petition for post-conviction relief. We grant review, and grant relief in part and deny it in part.

¶2   The State charged defendant with first-degree murder, armed residential burglary, possession of a dangerous drug and possession of drug paraphernalia. He pled guilty to an amended count of second-degree murder, a class 1 felony, and the State agreed to dismiss the remaining charges. The factual basis for the plea was that following a heated argument, defendant shot and killed his wife with a neighbor's sawed-off shotgun.

¶3   The trial court sentenced defendant to a maximum aggravated term of imprisonment of twenty years (flat-time). Pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 13–603(I), the trial court also ordered defendant to serve one day for every seven days served under the supervision of the Community Supervision Program to be served consecutively to the actual period of imprisonment imposed.[1]

¶4   Appointed counsel filed a notice stating he had reviewed the record and was unable to raise a claim for post-conviction relief under Arizona Rule of Criminal Procedure 32. Defendant filed a petition for post-conviction relief in propria persona. Defendant alleged that:

1.  The court illegally sentenced him to both a flat-time term of imprisonment and to community supervision.

2.  His guilty plea was involuntary because he was not advised that his sentence was for flat-time and that he must serve a term of community supervision following imprisonment.

---

1.  A.R.S. § 13-603(I) was added by 1993 Ariz. Sess. Laws, Ch. 255, § 6, effective January 1, 1994. Defendant committed the crime on April 16, 1994 and the statute is applicable to him. *See* 1993 Ariz. Sess. Laws, Ch. 255, § 99.

3. His due process rights were violated because the State failed to notify him of the aggravating factors it intended to argue at sentencing.

4. His right against self-incrimination was violated during the Rule 11 proceeding.

5. The trial court failed to consider the mitigating circumstances and abused its discretion in imposing an aggravated sentence.

The trial court summarily dismissed the petition for postconviction relief. Defendant filed a timely petition for review to this Court.

¶ 5 We review the grant or denial of post-conviction relief under an abuse of discretion standard. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). However, a defendant is entitled to an evidentiary hearing if the petition presents a colorable claim—"a claim which, if defendant's allegations are true, might have changed the outcome." *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990). In such a case, summary dismissal of the petition is impermissible.

## I.

¶ 6 Defendant first contends that the sentence was illegal. In addition to sentencing him to twenty years (flat-time), the trial court ordered him to serve nearly three years of community supervision. Community supervision is consecutive to the actual period of imprisonment and equals one-seventh of the time actually served. A.R.S. 13-603(I). Defendant argues that the applicable statutes require his release after serving approximately eighty-five percent of his sentence so that he can serve his term of community supervision during the remainder of his sentence. Alternatively, he contends that if he must serve his entire sentence in prison, imposition of a consecutive term of community supervision violates the prohibitions gainst double punishment and double jeopardy.

¶ 7 In its response, the State agreed that defendant is not subject to community supervision and said that the statute "only applies to felonies not subject to mandatory or other enhanced sentencing provisions." The trial court apparently rejected this argument when it denied post-conviction relief. We also reject this argument and hold that defendant is subject to community supervision upon completion of his flat-time sentence.

¶ 8 The determination of this issue is controlled by the applicable sentencing statutes. Defendant's term of imprisonment was dictated by A.R.S. section 13-710(A), which provides:

> Except as provided in section 13-604, subsection S or section 13-604.01, a person who stands convicted of second degree murder as defined by section 13-1104 shall be sentenced to a presumptive term of fifteen calendar years. The presumptive term imposed pursuant to this subsection may be mitigated or aggravated by up to five years pursuant to the terms of section 13-702, subsections C and D.

Under this statute, "calendar year" means the sentence is a flattime sentence. *State v. Rodriguez*, 153 Ariz. 182, 186, 735 P.2d 792, 796 (1987).[2]

¶ 9 Community supervision is mandated by A.R.S. section 13-603(I), which provides that community supervision is consecutive to imprisonment:

> If a person is convicted of a felony offense and the court sentences the person to a term of imprisonment, the court at the time of sentencing shall impose on the convicted person a term of community supervision. The term of community supervision shall be served consecutively to the actual period of imprisonment if the person signs and agrees to abide by conditions of supervision established by the state department of corrections. Except pursuant to subsection J,[3] the term of community supervision imposed by the court shall be for a period equal to one day for every

---

2. A.R.S. § 13-710 was amended by 1994 Ariz. Sess. Laws, Ch. 236. § 17, which substituted "sixteen" for "fifteen" and "six" for "five" in Subsection A.

3. Subsection J provides for the rounding of the term of community supervision to the nearest whole month.

seven days of the sentence or sentences imposed.

¶ 10 Community supervision may commence prior to the expiration of a sentence based on earned release credits. A.R.S. section 41–1604.07(A) provides for such credits:

Pursuant to rules adopted by the director, each prisoner in the eligible earned release credit class shall be allowed an earned release credit of one day for every six days served except for those prisoners who are sentenced to serve the full term of imprisonment imposed by the court.

A.R.S. section 41–1604.07(D), however, indicates that community supervision may commence either upon the earned release date or the expiration of the sentence:

A prisoner who has reached the prisoner's earned release date or sentence expiration date shall be released to begin the prisoner's term of community supervision imposed by the court or term of probation if the court waived community supervision pursuant to 13–603.

Finally, A.R.S. section 41–1604.07(E) contemplates that a prisoner who refuses the conditions of community supervision forfeits early release and must serve the entire sentence in prison:

The department shall establish conditions of community supervision it deems appropriate in order to ensure that the best interests of the prisoner and the citizens of the state are served. These conditions may include participation in a rehabilitation program or counseling and performance of community service work. If a prisoner who reaches the prisoner's earned release credit date refuses to sign and agree to abide by the conditions of supervision prior to release on community supervision, the prisoner shall not be released. When the prisoner reaches the sentence expiration date, the prisoner shall be released to begin the term of community supervision. If the prisoner refuses to sign and agree to abide by the conditions of release, the prisoner shall not be released on the sentence expiration date and shall serve the term of community supervision in prison. The department is required to supervise any offender on community supervision until the period of community supervision expires.

This defendant is not eligible for early release: His sentence is flat-time and each day must be served in prison.

▆ ¶ 11 The plain language of A.R.S. section 13–603(I), read in conjunction with the related statutes, indicates the Legislature's intent to require a term of community supervision for all prisoners, whether or not they are eligible for early release. The primary purpose of statutory construction is "to determine and give effect to the legislative intent behind the statute." *State v. Altamirano,* 166 Ariz. 432, 435, 803 P.2d 425, 428 (App.1990). In determining legislative intent, the court first considers the statute's language because it is the "best and most reliable index of a statute's meaning." *State v. Nihiser,* 191 Ariz. 199, 953 P.2d 1252 (App. 1997) (quoting *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). " 'Statutory provisions are to be read in the context of related provisions and of the overall statutory scheme,' and '[t]he goal is to achieve consistency among the related statutes.' " *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors,* 184 Ariz. 419, 426, 909 P.2d 486, 493 (App.1995) (citation omitted).

¶ 12 The controlling provisions are A.R.S. sections 13–710(A), 13–603(I) and 41–1604.07(D). Section 13–710(A) subjects defendant to a flat-time sentence for second-degree murder and thereby disqualifies him from early release. Nowhere does that provision indicate that community supervision does not apply to persons sentenced to flat-time. Section 13–603(I) is straightforward. It requires the court to "impose on the convicted person a term of community supervision" which "shall be served consecutively to the actual period of imprisonment. . . ."

¶ 13 A.R.S. 41–1604.07 is consistent with the other provisions. Although subsection A allows some prisoners to obtain earned release credits, "prisoners who are sentenced to serve the full term of imprisonment" are ineligible. Moreover, subsection D provides that a prisoner who has reached either his earned release date "or [his] sentence expira-

tion date shall be released to begin the prisoner's term of community supervision imposed by the court...." (Emphasis added). In the case of a flat-time sentence, the term of community supervision necessarily begins on the sentence expiration date. We conclude that defendant is subject to community supervision upon expiration of his sentence of twenty years imprisonment.

¶ 14 Defendant also alleges without elaboration that imposing a community supervision requirement violates the double punishment statute, A.R.S. section 13–116, and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[4] Defendant cites no authority to support this claim and we have found none. Because the community supervision requirement is simply a part of the punishment imposed upon defendant, it violates neither A.R.S. section 13–116 nor the Double Jeopardy Clause. *See State v. Fuentes,* 26 Ariz.App. 444, 450, 549 P.2d 224, 230 (1976) ("Double jeopardy principles do not proscribe successive or multiple facets of an otherwise constitutionally acceptable punishment scheme adopted by a state as punishment to be imposed as the result of any one particular conviction."), *aff'd,* 113 Ariz. 285, 551 P.2d 554 (1976) (approving opinion of Court of Appeals).

## II.

¶ 15 Defendant also claims his plea was involuntary. He says that he was not advised that the sentence for second-degree murder must be served without possibility of early release. This claim is directly contradicted by the record, which reveals that the trial court ensured during the change of plea proceeding that defendant understood that no early release was possible and that the sentence would be flat-time. Defendant's claim is not colorable and was properly dismissed.

¶ 16 Defendant also claims that his plea was involuntary because the court failed to advise him of the community supervision requirement at the time of the change of plea hearing. The plea agreement did not mention community supervision. Nor did the trial court advise defendant of the community supervision requirement.

¶ 17 A voluntary plea is one made "with sufficient awareness of the relevant circumstances and likely consequences." *State v. Crowder,* 155 Ariz. 477, 480, 747 P.2d 1176, 1179 (1987) (emphasis in original) (quoting *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). *See* Ariz. R.Crim. P. 17.1(b). Under Rule 17.2(b), "[b]efore accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him or her of and determining that he or she understands ... [t]he nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute." *See State v. Perkins,* 159 Ariz. 381, 383–84, 767 P.2d 729, 731–32 (App.1988).

¶ 18 As we have interpreted the applicable statutes, community supervision is part of the sentence imposed. *See* Ariz. R.Crim. P. 26.1(b) ("The term sentence means the pronouncement by the court of the penalty imposed upon defendant after a judgment of guilty."). *Cf. State v. Sheaves,* 155 Ariz. 538, 541, 747 P.2d 1237, 1240 (App.1987) (criminal penalties, such as a fine or felony penalty assessment, are part of the sentence imposed under Rule 26.1(b)). Because Rule 17.2(b) requires that the court advise a defendant of the "nature and range of possible sentence for the offense," defendant should have been informed that he is required to serve a term of community supervision consecutive to his actual term of imprisonment.

¶ 19 The failure to formally inform defendant of community supervision does not necessarily mean his plea was involuntary, however. The information he lacked must have

---

4. A.R.S. § 13-116 provides in part that "[a]n act or omission which is made punishable in different ways by different sections of the law may be punished under both, but in no event may sentences be other than concurrent." The Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments as well as multiple prosecutions for the same offense. *State v. Braun,* 185 Ariz. 245, 246, 914 P.2d 1337, 1338 (App.1995) (citing *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)).

been relevant to the decision-making process. *See Crowder,* 155 Ariz. at 481, 747 P.2d at 1180 (amount of restitution may be relevant to decision-making process to enter plea and lack of information may render plea involuntary). Moreover, the record must demonstrate that defendant was not otherwise informed of the community supervision requirement. Because the trial court summarily dismissed defendant's petition, no record has been developed on these matters. Therefore, we must remand this matter to the trial court for an evidentiary hearing.

¶ 20 At the hearing, the court must determine whether defendant had knowledge of the community supervision requirement from any source, and if he did not, whether his lack of knowledge was relevant and material to the making of the plea agreement. If the court finds that the community supervision requirement was unknown to defendant and was a relevant factor in his decision to plead guilty, the court must permit defendant to withdraw the plea; if not, the plea must stand. *See Crowder,* 155 Ariz. at 482, 747 P.2d at 1181.

### III.

¶ 21 Defendant next contends that his due process rights under the Fourteenth Amendment to the United States Constitution were violated because he did not have notice of the aggravating factors upon which the State intended to rely at sentencing. This claim lacks merit. Prior to sentencing, the State filed a presentencing memorandum listing applicable aggravating factors. The presentence report discussed both aggravating and mitigating factors to be considered by the court. Defense counsel filed a presentencing memorandum which listed the aggravating and mitigating factors in A.R.S. sections 13–702(C) and (D) and advanced defendant's contention that the mitigating factors outweighed the aggravating factors. Summary dismissal of this claim was appropriate.

### IV.

¶ 22 Defendant also argues that his Fifth Amendment right against self-incrimination was violated during the mental competency proceeding because his counsel told him not to discuss the facts of the case with the examining psychiatrists. As a result, he says, they lacked sufficient information to form accurate opinions about his state of mind at the time of the offense. This claim also lacks merit.

¶ 23 Defendant's statements to mental health experts were privileged under Arizona Rule of Criminal Procedure 11.7. The Fifth Amendment privilege against self-incrimination may be violated if the defendant's statements to a court-appointed psychiatrist during a compulsory examination are introduced at trial to prove guilt or innocence of the defendant. *State v. Tallabas,* 155 Ariz. 321, 323, 746 P.2d 491, 493 (App. 1987). However, if the defendant voluntarily chooses not to reveal relevant information to a court-appointed psychiatrist in the Rule 11 proceeding upon advice of counsel, this does not constitute a violation of the Fifth Amendment prohibition against self-incrimination. The trial court properly dismissed this claim.

### V.

¶ 24 Defendant's final contention is that the trial court abused its discretion in sentencing him to an aggravated term and failing to consider mitigating factors such as defendant's mental illness, his lack of prior felony convictions, his remorse and his religious conversion while in jail.

¶ 25 This Court will not disturb a sentence that is within the statutory range absent an abuse of discretion. *State v. Russell,* 175 Ariz. 529, 534, 858 P.2d 674, 679 (App.1993). A trial court abuses its discretion if it "fails to conduct an adequate investigation into the facts relevant to sentencing." *Id.* "[T]he trial court is not obligated to find mitigating factors just because evidence is presented," but need only consider them. *State v. Carbajal,* 177 Ariz. 461, 463, 868 P.2d 1044, 1046 (App.1994).

¶ 26 In sentencing defendant, the trial court stated it had considered the entire record. It acknowledged the mitigating factors that defendant had no prior felony convictions, was under emotional duress, was

having marital problems, expressed remorse and had become religious. However, the court determined the aggravating factors outweighed the mitigating factors.

¶ 27  We find no abuse of discretion in balancing in favor of an aggravated sentence. Defendant had a long history of domestic violence, used an illegal weapon (a sawed-off shotgun) to commit the crime, was on methamphetamine at the time of the offense, did not seek help for the victim, tried to cover up the crime to make it look like a burglary, and caused great emotional harm to the victim's family. Accordingly, this claim too was properly dismissed.

¶ 28  For these reasons, we grant review and grant relief in part and deny it in part. This matter is remanded to the trial court to conduct an evidentiary hearing in accordance with this decision.

RYAN, P.J., and PATTERSON, J., concur.