**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDE RAYMOND DOVE, | No. 11-15411 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01914-JWS |
| v. | |
| CHARLES L. RYAN; ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted November 9, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Claude Raymond Dove appeals the district court's denial of his petition for a

writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and

2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dove claims that he is entitled to habeas relief because his trial counsel's inaccurate advice about the government's burden of proof with regard to prior convictions for sentence enhancement purposes caused him to reject a beneficial plea offer. Specifically, Dove claims that his trial counsel told him that prior convictions had to be proven "beyond a reasonable doubt" and that, given that burden, the government could not prove any prior convictions beyond the one prior conviction that Dove would be admitting if he accepted the plea offer. Dove was convicted at trial and, partly due to sentence enhancements for prior convictions proved under a "clear and convincing" burden, sentenced to a longer term of imprisonment than the maximum term under the foregone plea deal.

In state habeas proceedings, Dove's ineffective assistance claim was summarily denied by the state trial court, which simply asserted that he had failed to present a colorable claim for relief. The Arizona Court of Appeals and Arizona Supreme Court both summarily denied review.

Dove cannot obtain habeas relief unless he demonstrates that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Where, as here,

there is no reasoned state court opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). In such a case, "a habeas court must determine what arguments or theories . . . could have supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 786.

Under Arizona law, in deciding whether a habeas petitioner has presented a colorable claim for relief, the court generally must take the petitioner's allegations as true. *State v. Jackson*, 97 P.3d 113, 115–16 (Ariz. Ct. App. 2004); *see also State v. Watton*, 793 P.2d 80, 85 (Ariz. 1990) (in banc). Alleged facts need not be taken as true, and do not suffice to create a colorable claim, however, when they are "directly contradicted by the record." *See State v. Jenkins*, 970 P.2d 947, 952 (Ariz. Ct. App. 1998).

It would not have been unreasonable for the state court here to conclude that Dove's allegation that he would have accepted the beneficial plea deal but for his trial counsel's inaccurate advice was contradicted by the record. On the first day of the trial, when Dove's counsel had not yet been corrected by the court as to the burden of proof on prior convictions, Dove decided he wanted to accept the plea

3

offer, which was now off the table. Speaking to the court on that day, Dove asserted that the reason he had not wanted to take the plea offer was that he thought he would get a better offer. Dove also said that he would "get more than nine years" if he lost at trial, presumably referring to his maximum sentence of nine-and-a-quarter years under the plea agreement. Given that a conviction at trial with a finding of one prior conviction would have resulted in a presumptive sentence of the same nine-and-a-quarter years, the state court could have reasonably concluded that Dove's assertion that he would receive more than nine-and-a-quarter years if he went to trial directly contradicted his allegation that he declined the plea offer in reliance on counsel's advice that the government could only prove one prior conviction. The state court also could have reasonably concluded that Dove's assertion that he would have taken the offer but for counsel's deficient advice was directly contradicted by his statement on the first day of trial that the reason he had not wanted to take the offer was that he thought he would get a better offer.

The state court then could reasonably have considered Dove's allegations in light of the record, rather than just taking the allegations as true. The same evidence cited above to show that the state court could have reasonably concluded the record was directly contradictory to Dove's allegations could also reasonably have been relied upon by the state court to conclude that Dove would not have

4

taken the plea offer even if advised correctly as to the burden of proof for prior convictions and, thus, that Dove failed to make the requisite showing of prejudice to demonstrate ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

AFFIRMED.