NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHNNY LEE HOUSE, *Petitioner*.

No. 1 CA-CR 15-0137 PRPC
FILED 2-2-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-102061-001
The Honorable William Brotherton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan Luder
*Counsel for Respondent*

Johnny Lee House, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

**C A T T A N I**, Judge:

¶1        Johnny Lee House seeks review of the superior court's summary dismissal of his of-right petition for post-conviction relief under Arizona Rule of Criminal Procedure 32.  For reasons that follow, we grant review but deny relief.

¶2        House pleaded guilty to second degree murder.  Pursuant to a stipulation in the plea agreement, the court sentenced him to a presumptive term of 16 years' imprisonment.  As required under Arizona Revised Statutes ("A.R.S.") § 13-710(A)[1] and as House acknowledged in the plea agreement, the sentence was for a term of "calendar years" or "flat-time."  As required under A.R.S. § 13-603(I) and as House further acknowledged in the plea agreement, the court imposed a term of community supervision to begin upon completion of the prison term.

¶3        House argues that the sentencing court impermissibly imposed a term of community supervision after a "flat-time" sentence.  He further argues his trial counsel was ineffective because she failed to object to imposition of community supervision, told him that the 16-year sentence was mandatory rather than advising him that the court could reject the stipulated sentence and impose a lesser term, and failed to investigate or present mitigation evidence for sentencing purposes.  House raised these issues in his *pro se* petition for post-conviction relief, which the superior court dismissed finding no colorable claim.

¶4        We deny relief.  A sentencing court must include a term of community supervision even for a "flat-time" sentence for second degree murder.  *State v. Jenkins*, 193 Ariz. 115, 119, ¶¶ 11–14 (App. 1998).  And for this reason, counsel was not ineffective for failing to raise an objection to the term of community supervision.

¶5        Additionally, counsel was not ineffective when she allegedly told House the presumptive sentence was "mandatory."  The presumptive sentence was "mandatory" in the sense that it was the stipulated sentence in the plea agreement; despite House's claims to the contrary, the court could not simply reject the stipulated sentence and impose a lesser sentence without first giving the State the opportunity to withdraw from the plea agreement.  The plea agreement expressly provided that if the sentencing

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

court rejected any term of the agreement, the State could withdraw from the agreement and House would waive any claim of double jeopardy.

**¶6**  Finally, despite House's assertion to the contrary, counsel did present mitigating circumstances for the court's consideration at sentencing. And because House stipulated to a presumptive term of imprisonment, any failure to present additional mitigating circumstances did not prejudice House in any way.

**¶7**  To the extent House's petition for review raises additional issues, we decline to address them because he did not raise those issues in the petition for post-conviction relief presented to the superior court. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); *see also State v. Smith*, 184 Ariz. 456, 459 (1996) (holding that fundamental error review does not apply in a post-conviction relief proceeding).

**¶8**  Accordingly, we grant review but deny relief.

