NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM WORRELL, *Petitioner*.

No. 1 CA-CR 16-0126 PRPC
FILED 8-8-2017

Petition for Review from the Superior Court in La Paz County
No. CR20050040
The Honorable Robert Carter Olson, Retired Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

La Paz County Attorney's Office, Parker
By Tony Rogers
*Counsel for Respondent*

William Worrell, Florence
*Petitioner*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Chief Judge Samuel A. Thumma joined.

**J O N E S**, Judge:

¶1      William Worrell seeks review of the trial court's dismissal of his untimely and successive petition for post-conviction relief. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 394, ¶ 4 (App. 2007) (citing *State v. Schrock*, 149 Ariz. 433, 441 (1986)). We have considered the petition for review and find Worrell has not established such abuse here. Therefore, we grant review but deny relief.

¶2      In 2005, a jury convicted Worrell of sexual conduct with a minor and child molestation arising out of events occurring in 2001. The jury also determined both counts were dangerous crimes against children, Worrell was in a position of authority over the victim, and the victim was of a young age. After conducting an aggravation/mitigation hearing, the trial court sentenced Worrell to an aggregate, aggravated term of twenty-five years' imprisonment to be followed by a term of community supervision pursuant to Arizona Revised Statutes (A.R.S.) § 13-603(I).[1] This Court affirmed the convictions and sentences on direct appeal. *State v. Worrell*, 1 CA-CR 06-0164 (Ariz. App. Jan. 18, 2007) (mem. decision).

¶3      On review, Worrell claims: (1) the trial court abused its discretion by summarily dismissing his "petition for post-conviction relief of right"; (2) the flat term of imprisonment combined with a mandated term of community supervision violates double jeopardy and due process; and (3) "the use of a 'catch-all' provision as the sole aggravator to exceed the statutory maximum sentence" violated his due process rights.

---

[1]      Absent material changes from the relevant date, we cite a statute's current version.

¶4        As an initial matter, Worrell's petition is neither of-right, nor timely, because it was filed well over "thirty days after the issuance of the order and mandate in the direct appeal." Ariz. R. Crim. P. 32.4(a).

¶5        Moreover, the claims raised by Worrell within the petition are precluded because he is barred from asserting any claim that was or could have been raised on direct appeal or in an earlier post-conviction relief proceeding unless it falls within an exception under Arizona Rule of Criminal Procedure 32.2(b). Ariz. R. Crim. P. 32.2(a). For the exception to apply, the petitioner must state in the notice of post-conviction relief "the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b). If the petitioner fails to do so, "the notice shall be summarily dismissed." *Id.*

¶6        Worrell has failed to provide any law or fact to substantiate an untimely and successive petition, and the trial court did not err in dismissing the petition as both untimely and successive. This analysis specifically applies to Worrell's claim regarding the "catch-all" aggravator, which states a ground for relief under Rule 32.1(c), a ground not exempted from Rules 32.2(a) and 32.4(a).

¶7        Additionally, Worrell's double jeopardy claim fails on the merits. The trial court was required to impose a term of community supervision pursuant to A.R.S. § 13-603(I), which states: "if a person is convicted of a felony offense and the court sentences the person to a term of imprisonment, the court at the time of sentencing *shall* impose on the convicted person a term of community supervision." (Emphasis added). Community supervision is simply a part of the punishment authorized by the legislature and imposed upon a defendant and violates neither A.R.S. § 13-116 (barring further prosecution for an act or omission constituting a crime for which the defendant has already been acquitted or convicted, even if it is separately punishable under a different section of the law), nor the Double Jeopardy Clause, U.S. Const. amend. V ("No person shall be subject for the same offen[s]e to be twice put in jeopardy of life or limb."); *State v. Jenkins*, 193 Ariz. 115, 120, ¶ 14 (App. 1998) (citation omitted); *see also State v. Fuentes*, 26 Ariz. App. 444, 450 (1976) ("Double jeopardy principles do not proscribe successive or multiple facets of an otherwise constitutionally acceptable punishment scheme adopted by a state as punishment to be imposed as the result of any one particular conviction.").

¶8        Accordingly, we grant review but deny relief.

