NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RANDY LEIGH HASTINGS, *Petitioner*.

No. 1 CA-CR 18-0385 PRPC
FILED 11-8-2018

Petition for Review from the Superior Court in Maricopa County
Nos. CR2009-005473-001
CR2011-149772-001
CR2012-008366-001
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Randy Leigh Hastings, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1**  Randy Leigh Hastings petitions this court for review of the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**  In Maricopa County Superior Court Case Number ("Case No.") CR2009-005473-001 ("the 2009 case"), Hastings pled guilty to possession or use of dangerous drugs, and the superior court placed him on probation for three years. While on probation, Hastings pled guilty to possession of dangerous drugs for sale in Case No. CR2011-149772-001 ("the 2011 case"). Based on the guilty plea in the 2011 case, the court revoked Hastings' probation. Approximately three months after his guilty plea in the 2011 case, Hastings pled guilty to another count of possession of dangerous drugs for sale in Case No. CR2012-008366-001 ("the 2012 case"). Consolidating the three matters for purposes of sentencing, the superior court imposed concurrent prison sentences, the longest being ten years flat time.

**¶3**  More than five years after sentencing, Hastings filed a "Motion To Correct Error And To Clarify Record Pursuant To Rule--24.4, Ariz. R. Crim. Proc." ("the Motion"), challenging a calculation by the Department of Corrections ("DOC") regarding the community supervision term to be served upon Hastings' release. Hastings argued that, because the sentencing minute entries only indicated a term of community supervision after the 2.5-year sentence in the 2009 case, DOC had improperly calculated a term of community supervision based on the ten-year sentence imposed in the 2012 case. For relief, Hastings requested the court issue a *nunc pro tunc* order specifying Hastings' community supervision term be determined solely on the sentence in the 2009 case.

**¶4**  After the superior court failed to rule on the Motion within sixty days, Hastings sought special action relief in this court. We accepted jurisdiction but declined Hastings' request to rule upon the merits of his Motion. Instead, we noted the Arizona Constitution requires the superior court to rule on matters submitted for decision within sixty days, *see* Ariz.

Const. art. 6, § 21; Ariz. R. Sup. Ct. 91(e), and we directed the court to rule on Hastings' Motion.

¶5 Two days after this court's order, the superior court addressed the Motion and treated it as a request for post-conviction relief under Rule 32. *See* Ariz. R. Crim. P. 32.3(a). In denying relief, the court recognized the plea agreements in all three cases include a stipulation that Hastings will "serve a term of community supervision equal to one-seventh of the prison term to be served consecutively to the actual period of imprisonment." The court also determined community supervision following a prison sentence is mandatory under Arizona Revised Statutes ("A.R.S.") section 13-603(I). *See State v. Jenkins*, 193 Ariz. 115, 119, ¶ 11 (App. 1998) ("The plain language of A.R.S. section 13-603(I), read in conjunction with the related statutes, indicates the Legislature's intent to require a term of community supervision for all prisoners, whether or not they are eligible for early release."). Finally, although the court agreed with Hastings that the sentencing minute entries in the 2011 and 2012 cases did not contain terms of community supervision, the court observed that it did impose such terms verbally at the sentencing hearing. Concluding that the absence of community supervision terms in the sentencing orders resulted from a clerical mistake, the court amended the applicable minute entries *nunc pro tunc* to reflect community supervision is imposed in the 2011 and 2012 cases pursuant to § 13-603(I). This timely petition for review followed.

¶6 On review, Hastings argues the superior court lacked jurisdiction to amend the minute entry rulings *nunc pro tunc*. Also, relying on *State v. Dawson*, 164 Ariz. 278 (1990), Hastings argues the State's failure to respond to his Motion "waived the opportunity to amend sentence."[1] We are unpersuaded by either argument.

¶7 Hastings presumes the superior court's *nunc pro tunc* order modifies his sentence. It does not. Rather, by amending the minute entry rulings, the court corrected the record. *See State v. Hanson*, 138 Ariz. 296, 305 (App. 1983). "The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open

---

[1] Misapprehending the special action relief this court granted, Hastings also incorrectly asserts this court ordered the superior court to grant his Motion.

court."[2]  Ariz. R. Crim. P. 26.16; *see also Hanson*, 138 Ariz. at 304-05 ("Where there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls.").  And the court clearly had authority to ensure the sentencing minute entries correctly reflected the court's pronouncement of sentence. *See* Ariz. R. Crim. P. 24.4 ("The court on its own or on a party's motion may, at any time, correct clerical errors, omissions, and oversights in the record.  The court must notify the parties of any correction."); *see also Black v. Indus. Comm'n*, 83 Ariz. 121, 125 (1957) ("We have consistently held that the function of an order or judgment nunc pro tunc is to make the record speak the truth and that such power is inherent in the court.  . . .  It is to record now for then an order actually made or a judgment actually rendered which through some oversight or inadvertence was never entered upon the records of the court by the clerk or which was incorrectly entered." (citations omitted)), *overruled on other grounds by Estate of Hash v. Henderson*, 109 Ariz. 174, 177, *modified on other grounds*, 109 Ariz. 258 (1973).

¶8        Regarding the State's purported "waiver," Hastings' reliance on *Dawson* is misplaced.  *Dawson* addressed whether this court, when the State does not appeal from the sentence, has the authority to modify an illegally lenient sentence imposed after a jury trial.  164 Ariz. at 279-80.  Here, not only did Hastings agree to community supervision in all three cases, but his sentence—as verbally pronounced by the court—is lawful.  In any event, regardless of the State's ostensible waiver, the superior court had the authority under Rule 24.4 to *sua sponte* correct the record to properly reflect Hastings' terms of community supervision.

¶9        To the extent Hastings challenges the superior court's findings and legal conclusions, the court's dismissal order clearly identified and correctly ruled upon the merits.  Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings.  Under these circumstances, no useful purpose would be served by this court rehashing the superior court's correct ruling in a written decision. *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).  Therefore, we adopt the superior court's reasoning.

---

[2]        We presume the court's finding that it verbally imposed terms of community supervision is supported by the sentencing transcript, which is not included in the record on review. *See State v. Zuck*, 134 Ariz. 509, 513 (1982) ("Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court." (citation omitted)).

¶10 For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA