NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner,*

*v.*

ANTONIO RAYELL COOPER, JR., *Respondent.*

No. 1 CA-CR 21-0421 PRPC
FILED 3-2-2023

Petition for Review from the Superior Court in Maricopa County
Nos. CR2011-142001-001, CR2016-114883-001
The Honorable Gregory S. Como, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Petitioner*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig, Judge Randall M. Howe and Judge D. Steven Williams delivered the decision of the Court.

---

**PER CURIUM**:

¶1        Both parties petition for review from the superior court's order granting in part and denying in part the petition for post-conviction relief ("PCR") filed by Antonio Rayell Cooper, Jr. We grant review but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        A jury found Cooper guilty of three counts of attempted assault with a vicious animal, one count of aggravated assault, one count of resisting arrest, and one count of threatening or intimidating. The superior court sentenced Cooper to an aggregate term of 24 years' imprisonment. Cooper appealed, and we affirmed his convictions and sentences. *See State v. Cooper*, 1 CA-CR 16-0869, 2018 WL 6217090, at *1, ¶ 1 (Ariz. App. Nov. 29, 2018).

¶3        Cooper then petitioned for PCR, arguing trial counsel provided ineffective assistance by failing to (1) challenge the admission of gang status evidence and the related jury instructions; (2) adequately investigate and prepare for trial; and (3) properly negotiate a plea offer.

¶4        Shortly after Cooper filed his petition, the Arizona Supreme Court declared the sentencing enhancement in A.R.S. § 13-1202(B)(2) to be unconstitutional. *State v. Arevalo*, 249 Ariz. 370, 373, ¶ 5 (2020). The Court concluded that the enhancement violated substantive due process by enhancing a defendant's "criminal penalties based solely on gang status without a sufficient nexus between gang membership and the underlying crime of threatening or intimidating." *Id.* at 375, ¶ 20. It held that the enhancement authorized "what due process forbids—punishment based solely on associational status." *Id.* at 375, ¶ 19.

¶5        Cooper supplemented his petition, arguing that *Arevalo* supported his claim that counsel should have challenged the admission of gang status evidence related to the A.R.S. § 13-1202(B)(2) enhancement. The State opposed Cooper's claims of ineffective assistance of counsel, arguing

the ruling in *Arevalo* only required the superior court to designate the threatening or intimidating offense a misdemeanor.

**¶6**         The superior court found Cooper presented colorable claims for relief. After conducting an evidentiary hearing, the court granted Cooper's petition for PCR in part, finding counsel failed to effectively challenge the admission of gang status evidence and prepare for trial, but denied Cooper's claim that counsel provided ineffective assistance during plea negotiations. The court vacated Cooper's convictions and sentences, and granted a new trial. The State's petition and Cooper's cross-petition followed.

## DISCUSSION

*I.     The State's Petition for Review*

**¶7**         The State argues the superior court erred in granting Cooper a new trial based on ineffective assistance of trial counsel. We review a court's grant of PCR for an abuse of discretion. *State v. Jenkins*, 193 Ariz. 115, 118, ¶ 5 (App. 1998). We defer to the court's assessment of "the factual disputes that frequently underlie assertions of ineffective assistance of counsel," *see State v. Herrera*, 183 Ariz. 642, 646 (App. 1995), as well as the court's determination of witness credibility, *see State v. King*, 250 Ariz. 433, 439, ¶ 21 (App. 2021).

**¶8**         A defendant is constitutionally entitled to effective assistance of counsel. *See State v. Petty*, 225 Ariz. 369, 372, ¶ 9 (App. 2010). To prove ineffective assistance of counsel, a defendant must show counsel's performance fell below objectively reasonable standards and that deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Both prongs must be satisfied. *See State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

**¶9**         To establish prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Miller*, 251 Ariz. 99, 104, ¶ 17 (2021). The deficiency inquiry hinges on whether counsel's performance comported with prevailing professional norms. *See State v. Pandeli*, 242 Ariz. 175, 180, ¶ 5 (2017). A defendant proves a deficiency if he shows "counsel's decision was not a tactical one but, rather, revealed ineptitude, inexperience or lack of preparation." *State v. Goswick*, 142 Ariz. 582, 586 (1984).

¶10            We ask first whether counsel's failure to challenge the admission of gang status evidence—either through objection or severance requests—amounted to ineffective assistance of counsel.  At trial, the State presented gang status evidence for the sole purpose of enhancing the threatening or intimidating offense to a class 6 felony.  Multiple officers testified that Cooper was a member of "Hellbound Gangsters," a gang that used physical violence to initiate or "jump in" prospective members.  The State admitted photographs of Cooper's tattoos, depicting devil imagery and references to the "Hellbound Gangsters."   Counsel briefly cross-examined the officers but did not object or request severance of the threatening or intimidating offense.

¶11            At the close of the State's case, Cooper informed the superior court that the gang status evidence influenced his decision not to testify.  Counsel called no witnesses.  The State discussed the gang status evidence in its closing remarks, characterizing it as "undisputed."  Counsel argued in closing remarks that the State did not present evidence of Cooper's ongoing association with an organized gang and the law required such proof.  The court instructed the jury on the definition of a criminal street gang and that the State needed to prove Cooper was a member of a criminal street gang to find him guilty of the crime of threatening or intimidating.  During jury deliberations, a juror asked whether the gang must be organized and, without objection from counsel, the court instructed the jury that "Arizona law does not specify whether a gang must be organized to be a criminal street gang."

¶12            At the PCR hearing, counsel testified that she did not challenge the admission of gang status evidence because the State had to prove the A.R.S. § 13-1202(B)(2) enhancement as an element of the offense. She viewed this decision as common practice before *Arevalo*. Counsel stated that she did not request severance of the threatening or intimidating offense for similar reasons, adding that she felt the gang status evidence had no impact on the remaining offenses.

¶13            The superior court found that, based on the language of A.R.S. § 13-1202(B)(2), counsel should have known Cooper's gang status served solely to enhance his sentence and should have challenged its admission in the guilt phase of trial.  The court added that counsel should have understood the function of such evidence before *Arevalo*.  The court concluded that counsel's failure to challenge the gang status evidence resulted in prejudice "given the public's negative perception of street gangs and their members."  We agree.

4

¶14        Counsel's failure to challenge the gang status evidence—at any stage of the proceedings—constituted ineffective assistance. From counsel's failure to seek severance to her confusion regarding the criminal street gang instructions, the record shows that counsel's decisions were not tactical but the result of a lack of preparation and knowledge of the law. *See State v. Lopez*, 3 Ariz. App. 200, 205–06 (1966) (counsel's failure to challenge incriminating evidence resulted from lack of preparedness and constituted ineffective assistance of counsel). As determined by the superior court, counsel should have known the gang status evidence served solely to enhance the threatening or intimidating offense and should have challenged its admission in the guilt phase of trial. *See State v. Olsen*, 157 Ariz. 603, 607 (App. 1988) (sentencing enhancement is distinct from an element of the offense). Although issued after Cooper's trial, the ruling in *Arevalo* recognized a plain reading of "[t]he statutory structure of § 13-1202 further dispels the notion that (B)(2) serves any purpose other than to enhance punishment based solely on gang status." *Arevalo*, 249 Ariz. at 376, ¶ 23. Moreover, counsel's failure to adequately cross-examine witnesses provided further evidence of ineffectiveness, allowing Cooper's gang status to go largely undisputed.

¶15        Having found deficient performance, we agree with the superior court's finding that the gang status evidence resulted in prejudice. The jury heard testimony from multiple officers regarding Cooper's gang status, viewed images of gang-related tattoos, and learned of the gang's violent tactics. The admission of such evidence impacted Cooper's decision not to testify, the State used the evidence in closing remarks, and the court provided related jury instructions. Cooper demonstrated a reasonable probability that the unchallenged evidence, when viewed together, impacted the outcome of trial. We find no abuse of discretion in granting relief as to this claim.

¶16        We next turn to whether counsel's failure to adequately prepare for trial constituted ineffective assistance. The evidence at trial showed that an unidentified male witnessed the offenses. A police report admitted at the PCR hearing revealed the eyewitness was Cooper's brother, who spoke to officers at the scene and said he believed Cooper's conduct was either justified or unintentional, and he felt the other witnesses were lying. At the PCR hearing, the brother testified consistent with the report and provided additional details as to Cooper's state of mind before and during the offenses. He also avowed that Cooper's counsel never contacted him.

**¶17** At the PCR hearing, Cooper's trial counsel testified that an investigator tried but never reached Cooper's brother. The record does not reflect that an investigator was ever appointed. Counsel also acknowledged that, based solely on her review of the police report, she assumed the brother would be viewed as combative and unconvincing. She maintained that the brother's eyewitness testimony would not have benefited the defense, even though the testimony would have contradicted the State's narrative. The superior court concluded that counsel's failure to contact or interview an eyewitness fell below professional norms and resulted in prejudice. We agree.

**¶18** The record shows that counsel made no attempt to contact or interview a material eyewitness. Thus, as the superior court noted, counsel could not have made a tactical decision about whether the witness would "help or hurt" the defense. Counsel failed to meet her "duty to engage in adequate investigation of possible defenses," *State v. Denz*, 232 Ariz. 441, 445, ¶ 11 (App. 2013), and Cooper demonstrated the failure "resulted in not presenting evidence or interposing a defense which would have made a crucial difference to the case at the trial," *State v. Watson*, 120 Ariz. 441, 450 (1978). Moreover, we defer to the court's assessment of counsel's credibility. *See State v. Newell*, 212 Ariz. 389, 401 (2006). Cooper demonstrated that counsel's failure to contact an eyewitness before trial was not "reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The court did not abuse its discretion in granting relief as to this claim.

*II. Cooper's Cross-Petition for Review*

**¶19** Cooper argues the superior court erred in denying his claim of ineffective assistance of trial counsel during plea negotiations. A defendant has no constitutional right to a plea offer, only the right to be adequately informed once an offer is made. *See State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000). Absent misconduct, the State (or any party) may withdraw a plea offer at any time before accepted. *See* Ariz. R. Crim. P. 17.4(b). Deficient performance during plea negotiations occurs if counsel "either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *Id.* ¶ 16. Prejudice results where there is "a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer and declined to go forward to trial." *Donald*, 198 Ariz. at 414, ¶ 20 (internal quotations and citations omitted).

¶20        The State made two plea offers before trial; the first stipulated to eight years' imprisonment and the second stipulated to ten years' imprisonment.  Cooper learned of both plea offers, received written copies of the plea agreement, and criticized their "harshness and severity."  The State ultimately withdrew the first plea offer, and Cooper rejected the second offer after a settlement conference.  Counsel testified at the PCR hearing that Cooper expressed concerns with errors in the written plea agreements, but she informed him of the sentencing stipulations and explained that such errors were easily corrected.  Cooper testified that the errors caused him to reject the plea offers, and acknowledged he discussed each offer with counsel and understood the sentencing stipulations.  The superior court found that Cooper's failure to accept the plea offers did not result from ineffective assistance of counsel.

¶21        The superior court did not abuse its discretion.  Any errors in the written plea agreements did not materially impact Cooper's decision to accept or reject the plea offers.  Cooper learned of the nature of the plea offers, the proposed sentencing stipulations, and his exposure after trial.  Nothing from the PCR hearing established that Cooper received inaccurate advice or lacked enough information to make an informed decision.  *See Donald*, 198 Ariz. at 413, ¶ 16.  And, even if counsel performed deficiently, the record does not show a reasonable probability that Cooper would have accepted the plea offers.  *See id.* at 414, ¶ 20.  Cooper criticized the offers as too harsh on multiple occasions.

¶22        Finally, Cooper asks that we determine whether counsel's failure to challenge the criminal street gang instructions rendered her ineffective, arguing the superior court did not explicitly rule on this claim.  The court, however, implicitly granted this claim by finding counsel ineffective for her overall handling of the gang status evidence.  Finding no abuse of discretion in that ruling, we need not address this request further.  *See State v. Zamora*, 220 Ariz. 63, 67, ¶ 7 (App. 2009) (reviewing court will infer any necessary findings to affirm the lower court's ruling).

**CONCLUSION**

¶23    We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA