NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NICHOLAS SIZEMORE, *Petitioner*.

No. 1 CA-CR 24-0122 PRPC

FILED 04-15-2025

Petition for Review from the Superior Court in Navajo County
No. S0900CR20010338
The Honorable Melinda K. Hardy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Respondent*

Nicholas Sizemore, Safford
*Petitioner*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

**T H U M M A**, Judge:

¶1         Nicholas Sizemore petitions as a self-represented litigant for review from the superior court's summary dismissal of his post-conviction relief (PCR) petition filed under Arizona Rule of Criminal Procedure 33.1 (2025). [1] For the reasons set forth below, this court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2         In May 2001, Sizemore was charged with first-degree murder, a Class 1 felony. The indictment alleged Sizemore caused the death of a fellow inmate in November 2000 in a prison yard while serving a life sentence for first-degree murder. The State sought the death penalty. In July 2002, Sizemore pled guilty to the charge. At the change of plea hearing, the court and counsel agreed the permissible sentence would be either a life sentence without possibility of release or a life sentence with the possibility of release after 25 years in prison. Although subject to subsequent motion practice, that plea and corresponding advisement resulted in the death penalty not being a possible punishment. Sizemore's counsel requested a sentence with the possibility of release and, in May 2003, Sizemore was sentenced to natural life to be served consecutively to the life sentence he was already serving.

¶3         About a decade later, in May 2013, Sizemore filed a notice of post-conviction relief pursuant to Rule 32.1(a), (f) and (g) (later amended to be part of Rule 33) for ineffective assistance of counsel and failure to file a timely notice of post-conviction relief without fault on the defendant's part, arguing there had been a significant change in the law that would probably overturn the conviction or sentence and requesting the appointment of a lawyer. The superior court summarily dismissed the PCR as untimely, and this court granted review but denied relief. *State v. Sizemore*, No. 1 CA-CR 13-0673 PRPC, 2016 WL3472989 *1 ¶¶ 1–2 (Ariz. App. May 28, 2015) (mem. decision).

¶4         In November 2021, Sizemore filed a second notice of post-conviction relief, and the court appointed counsel to represent Sizemore. After several extensions, in October 2022, counsel filed a supplemental notice asserting ineffective assistance of counsel under Rule 33.1(a), claiming Sizemore would not have pled guilty if he knew the only lawful

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

sentence would be natural life. In December 2023, the superior court summarily dismissed the notice, finding it was untimely, did not present prejudice, did not specify ineffective assistance of counsel and Sizemore did not prove he was not allowed to make an informed decision when he pled guilty. Sizemore's timely petition for review by this court followed.

**DISCUSSION**

**¶5** This court reviews the superior court's decision for an abuse of discretion and will uphold that decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508 ¶ 7 (2015) (citing cases). An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (citation omitted).

**¶6** To be eligible for relief, Sizemore must strictly comply with the post-conviction relief rules. *See Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005) (citing cases). Sizemore was required to file his notice "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B). Moreover, "the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). Otherwise, "the court may summarily dismiss the notice." *Id.* "[A] court considering whether such a claim is timely must consider whether the delay is reasonable, which requires consideration of . . . the consequences of a failure to address the merits of the claim and the prejudice to the State or victim." *State v. Reed,* 252 Ariz. 236, 239 ¶14 (App. 2021).

**¶7** Sizemore's notice was filed 18 years after he was sentenced after he entered his guilty plea. Sizemore argues his delay "does not bar consideration of [his] constitutional claim," because this case "appeared to rest primarily on resolution of the claim[] on its merits, or was interwoven with law, and did not rely on an independent and adequate state procedural ground." Sizemore also asserts he was unaware of A.R.S. § 41-1604.09(I), upon which he relies, until he received information from the Arizona Department of Corrections IOC Coordinator regarding *Chaparro v. Shinn*, 248 Ariz. 138 (2020) in November 2020, and that the COVID-19 pandemic precluded his acting sooner. Accordingly, he argues, the superior court was required to either excuse his delay or "return the petition to the Defendant with an order specifying how the petition failed to comply."

**¶8**         As applicable here, the superior court is directed to "excuse an untimely notice requesting post-conviction relief . . . if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D). Sizemore, however, filed a prior PCR where he could have raised these same issues, meaning he has waived them. *State v. Swoopes*, 216 Ariz. 390, 397 ¶ 39 (App. 2007) (citing authority). Accordingly, his claims in this proceeding were waived and precluded.

**¶9**         Furthermore, even if timely and not precluded, Sizemore has shown no entitlement to relief. To prevail on a claim of ineffective assistance of counsel, the defendant "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413 ¶ 16 (App. 2000) (citing cases). When claiming ineffective assistance of counsel regarding a plea, a defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**¶10**         Sizemore argues his guilty plea was not knowing or voluntary because of ineffective assistance of counsel regarding the possibility he would be sentenced to life in prison without the possibility of release. To state a colorable claim, a defendant must do more than contradict what the record shows. *See State v. Jenkins*, 193 Ariz. 115, 120 ¶ 15 (App. 1998). The record suggests Sizemore pled guilty based on an understanding the death penalty would not be sought. Sizemore cannot now seek relief by attempting to contradict the record. *Id.*

**¶11**         Sizemore argues, more specifically, that he was incorrectly advised that his sentencing range included the possibility of release after 25 years and that he would not have agreed to a guilty plea if that sentence was not an available option. This argument fails, however, because the sentencing range did include the possibility of release after 25 years. *See* A.R.S. § 13-703(A) (1999) ("If the court does not sentence the defendant to natural life, the defendant shall not be released on any basis until the completion of the service of twenty-five calendar years if the victim was fifteen or more years of age."). Sizemore was advised multiple times of the full range of possible sentences and was told the sentencing options were

either "25 years or natural life," with the latter having "no possibility for" release. The trial court considered, but rejected, the possibility of release after 25 years at sentencing, instead sentencing Sizemore to natural life, which was within the sentencing range counsel had advised Sizemore he would face upon pleading guilty. Therefore, Sizemore was given a legal sentence which he was advised was a possibility under his guilty plea, meaning he has shown no potentially viable ineffective assistance of counsel claim under Rule 33.

## CONCLUSION

¶12        This court grants review but denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR