NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MICAIAH PAUL GRAY, *Petitioner.*

No. 1 CA-CR 25-0497 PRPC

FILED 05-07-2026

Petition for Review from the Superior Court in Mohave County
No. S8015CR201200330
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Micaiah Paul Gray, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass, Judge Anni Hill Foster, and Judge D. Andrew Gaona delivered the decision of the court.

---

**PER CURIAM:**

¶1          Petitioner Micaiah Paul Gray seeks review of the superior court's order summarily dismissing his petition for post-conviction relief under Rule 33, Arizona Rules of Criminal Procedure. The court grants review, but denies relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2          In 2014, Gray pleaded no contest to second-degree murder. The superior court sentenced him to 20 calendar years in prison, followed by a term of community supervision.

¶3          In 2024, Gray filed a notice requesting relief, alleging claims under Rule 33.1(a), (c), (e), and (f). He acknowledged his notice was untimely, but said "[he] did not know there was a problem until a paralegal told [him]." The superior court appointed counsel, who later filed a notice of completion of the record indicating she could not identify any colorable claim for relief.

¶4          Gray then filed 2 self-represented-litigant petitions for relief. First, he argued the community supervision term was illegal and violated his Eighth and Fourteenth Amendments rights, alleging it would require him to serve more than his original sentence. Second, he argued the superior court erred in finding aggravating factors because the jury had to find those factors. Third, he argued counsel was ineffective because counsel did not: (1) object to the community supervision term; (2) challenge the superior court's aggravating factors findings; and (3) request a new mental-health evaluation to determine his competency to enter a no-contest plea.

¶5          The superior court summarily dismissed Gray's petition. The superior court found his Rule 33.1(a) claims untimely because he filed his notice more than 10 years after his sentencing and did not explain why the failure to timely file a notice was not his fault. The superior court also found

his other claims untimely because he did not show he filed his notice within a reasonable time after discovering the basis for those claims. The superior court further found his community supervision challenge lacked merit because community supervision is appropriate under *State v. Jenkins*, 193 Ariz. 115, 118–20 ¶¶ 7–14 (App. 1998). The superior court also rejected his argument about aggravating factors, noting he waived any right to jury findings when he pleaded no contest. The superior court then denied Gray's ineffective assistance of counsel claim, saying Gray failed to show counsel was deficient for not raising those arguments. Finally, the superior court found Gray presented no evidence suggesting he was incompetent to enter a no-contest plea.

¶6   Gray petitioned for review of the superior court's rulings. The court grants review under Article IV, Section 9, of the Arizona Constitution, A.R.S. § 13-4239.C, and Rule 33.16.

## DISCUSSION

¶7   The court reviews the superior court's PCR rulings for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021). The court will affirm the superior court's ruling "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508 ¶ 7 (2015).

¶8   On review, Gray repeats his arguments except his claim regarding counsel's alleged failure to request a new mental-health examination. In addition, he argues the superior court erred in finding his claims untimely, arguing no time limit applies to his claims because they are "of constitutional magnitude."

¶9   The superior court may dismiss untimely claims regardless of their constitutional nature. *See State v. Lopez*, 234 Ariz. 513, 515 ¶¶ 8–9 (App. 2014) ("[W]hether the underlying claim is of a sufficient constitutional magnitude to require a knowing, voluntary, and intelligent waiver is immaterial" when a defendant files an untimely notice). Here, Gray's Rule 33.1(a) claims are untimely because he filed his notice more than 10 years after his sentencing and he did not explain why the failure to timely file a notice was not his fault. *See* Ariz. R. Crim. P. 33.4(b)(3)(A), (D). Further, Gray's other claims are also untimely because he does not show he raised those claims within a reasonable time after discovering the basis for them. *See* Ariz. R. Crim. P. 33.4(b)(3)(B). Gray's only explanation—that a paralegal told him of a possible error—does not excuse his delay because a lack of

legal knowledge is not a sufficient basis for untimeliness. *See State v. Cornell*, 179 Ariz. 314, 331 (1994) ("[A] defendant acting in propria persona is subject to the same rules as an attorney."); *see also State v. McFarland*, 1 CA-CR 24-0585 PRPC, 2025 WL 1189807, at *1 ¶¶ 3–4 (Ariz. App. Apr. 24, 2025) (mem. decision) (affirming dismissal of untimely PCR petition and holding that PCR petitioner's contention he was "not legally trained" did not establish "the untimeliness [was] not [his] fault"). Even assuming Gray's claims were timely, they fail on their merits.

¶10          First, a term of community supervision may legally follow a term of imprisonment even when the sentence is a calendar-year term. *See State v. Jenkins*, 193 Ariz. 115, 118–20 ¶¶ 7–14 (App. 1998); A.R.S. § 13-603.I. Second, Gray expressly waived his right to have a jury determine any aggravating factors during the change-of-plea hearing. *Cf. State v. Brown*, 212 Ariz. 225, 229 ¶¶ 16–18 (2006) (holding the defendant was entitled to jury trial on aggravating factors because he expressly reserved right to challenge aggravating factors in plea agreement). Because counsel had no viable basis to raise these arguments, Gray has not shown ineffective assistance of counsel. The superior court thus did not err in dismissing his petition.

**CONCLUSION**

¶11          The court grants review, but denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR